DEBORAH YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
KEVIN FINN
Assistant United States Attorney
California Bar Number:
    Room 7516 Federal Building,
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2872
    Facsimile: (213) 894-7819

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE L. CHAO,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>        Plaintiff,<br><br>        v.<br><br>SOUTHERN CALIFORNIA<br>PROFESSIONAL ENGINEERING<br>ASSOCIATION, OFFICE AND<br>PROFESIONAL EMPLOYEES<br>INTERNATIONAL UNION, LOCAL 90,<br>AFL-CIO,<br><br>        Defendants. | Civil Action File No. CV-02-4709<br>RGK(RZx)<br><br>**STIPULATION AND ORDER For<br>New Election Under the<br>Supervision of the Secretary of<br>Labor and for Installation of<br>Officer** |

    Plaintiff, the Secretary of Labor, U.S. Department of Labor, filed this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. 401, et seq.), hereinafter called the Act, to obtain an order directing the defendant to conduct new nominations and election under the supervision of the plaintiff and in accordance with Title IV of the Act (29

**Stipulation and Order**

MAR 10 2003

40

Page 1 of 4

1  U.S.C. 481, et seq.), hereinafter called Title IV of the Act. Plaintiff filed suit after
2  determining, on the basis of the plaintiff's pre-suit investigation, that there was probable
3  cause to believe that one or more violations of the Act which may have affected the
4  outcome of the defendant's December 2000 election had occurred regarding the offices
5  of Officer at Large and the Vice President. Subsequent to the filing of this litigation, on
6  April 2, 2002, defendant was placed in voluntary trusteeship by its affiliate international
7  union, the Office and Professional Employees International Union ("OPEIU").
8  Moreover, since the filing of this litigation, an election was held on July 11, 2002,
9  decertifying the union and the decertification is now a final order of the National Labor
10 Relations Board. In light of these events and in settlement of this action, the parties
11 hereby stipulate and agree as follows:
12     1. The defendant shall conduct a new election (inclusive of new nominations) for
13 its officers, which election shall be under the supervision of the plaintiff and in
14 accordance with Title IV of the Act and (insofar as lawful and practicable) in accordance
15 with the Constitution and the By-Laws of the defendant and the Constitution of the
16 OPEIU.
17     2. All decisions as to interpretation or application of Title IV of the Act and the
18 Constitution and the By-Laws of the defendant and the Constitution of the OPEIU,
19 relating to said election, shall be made by the plaintiff, and such decisions shall be final.
20     3. The plaintiff's supervision shall extend to the entire election process, including
21 nominations and any other action which is necessary to implement election procedures;
22 and the defendant shall not take any action to implement such procedures without the
23 approval or authorization of plaintiff, from the time of this settlement until entry of a
24 final judgment by this Court, as hereinafter provided for.
25     4. The defendant shall conduct said election subsequent to the lifting of the
26 trusteeship by OPEIU and shall notify the plaintiff of its intent to hold said election at
27 least 120 days prior the date set for such election.
28

1     5. The plaintiff shall report to this Court the results of said supervised election, including reporting whether said election was conducted in accordance with Title IV of the Act, and (insofar as lawful and practicable) in accordance with the provisions of the Constitution and By-Laws of the defendant and the Constitution of the International, and if so, certifying the name of the persons so elected. Upon approval of such certification, this Court shall enter a judgment declaring that such persons have been duly elected, as shown by such certification.

    6. The persons so elected shall serve a full term of office.

    7. It is understood by the parties that, as a result of the decertification, the defendant may become defunct or it may be dissolved, in which event, no election would take place and the parties would duly notify the Court.

    8. This court shall retain jurisdiction to declare the names of the persons duly elected.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

//
//

9. The final judgment herein shall provide that each party to this litigation shall bear all costs, fees, and other expenses incurred by such party in connection with any of stage of this proceeding.

IT IS SO ORDERED, on this 7th day of March, 2003.

_____
United States District Judge
GARY KLAUSNER

Dated: _____, 2003

Southern California Professional
Engineering Association, Office of
Professional Employees International
Union, AFL-CIO

By: (See attached)
ROBERT M. DOHRMANN
Schwartz, Steinsapir, Dohrmann
 & Sommers LLP

Attorneys for Defendant

Dated: 3/3/, 2003

DEBORAH YANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
KEVIN FINN
Assistant United States Attorney

Attorneys for Plaintiff

9. The final judgment herein shall provide that each party to this litigation shall bear all costs, fees, and other expenses incurred by such party in connection with any of stage of this proceeding.

IT IS SO ORDERED, on this ___ day of _____, 2003.

_____
United States District Judge

Dated: February 28, 2003

Southern California Professional Engineering Association, Office of Professional Employees International Union, AFL-CIO

By: *Robert M. Dohrmann* by *Laurence D. Steinsapir*
ROBERT M. DOHRMANN, Esq.
Schwartz, Steinsapir, Dohrmann & Sommers LLP

Attorneys for Defendant

Robert M. Dohrmann (33365)
By: Laurence D. Steinsapir (30605)

Dated: _____, 2003

DEBORAH WANG
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
KEVIN FINN
Assistant United States Attorney

Attorneys for Plaintiff

Stipulation and Order